# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: C.D. and H.D.**

**No. 13-0703** (Mingo County 12-JA-77 and 12-JA-78)

**FILED**

November 26, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Father filed this appeal, by counsel Ashley Cochran, from the Circuit Court of Mingo County, which terminated his parental rights to the subject children by order entered on June 17, 2013. The guardian ad litem for the children, Diana Carter Wiedel, filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Michael L. Jackson, has also filed a response in support of the circuit court's order. Petitioner argues that the circuit court erred in terminating his parental rights when he substantially complied with his improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2012, petitioner and the children's mother, M.D., were reunified with their children following an abuse and neglect case that began in 2010. One month after reunification, in October of 2012, the DHHR filed the petition that initiated the instant case after it received a referral that petitioner and M.D. had been in family court over an emergency domestic violence protective order that petitioner sought against the mother. Upon further investigation, the DHHR substantiated domestic violence between the parents in the presence of the children.

At adjudication, the circuit court found that the parents had engaged in domestic violence and other at-risk behaviors that endangered the children. In January of 2013, the circuit court found that M.D. failed to maintain contact with the DHHR and failed to complete anger management counseling, substance abuse counseling, and in-home services. It also found that M.D. failed to submit to all required drug screens. The circuit court ultimately terminated M.D.'s parental rights and precluded all contact with the children, including visitation.

At M.D.'s dispositional hearing, petitioner received a ninety-day improvement period. During this time frame, DHHR case manager Eileen Bell witnessed petitioner, the children, and M.D. together once at a gas station. At petitioner's dispositional hearing, Ms. Bell testified that had it not been for this incident, she would not recommend termination of petitioner's parental rights. Ms. Bell testified that petitioner substantially complied with the other terms of his improvement period but that she was concerned that petitioner chose not to keep the children away from their mother. The circuit court thereafter terminated petitioner's parental rights to the

1

subject children, but granted post-termination visitation at the discretion of the children's caretakers. From this order, petitioner now appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner's sole argument on appeal is that the circuit court erred in terminating his parental rights when he had substantially complied with his improvement period. Petitioner asserts that at the dispositional hearing, DHHR case manager Ms. Bell testified that (1) petitioner completed everything the DHHR had asked him to do, (2) she never observed petitioner under the influence during the instant case, and (3) petitioner and the children shared a strong bond. Petitioner argues that termination was in error because he was compliant with in-home services, remained drug-free throughout the instant case, and divorced M.D. Petitioner asserts that the circuit court should have imposed less restrictive alternatives than termination.

Upon our review of the record, we find no error or abuse of discretion by the circuit court. West Virginia Code § 49-6-5(b) outlines circumstances in which there is no reasonable likelihood that conditions of neglect or abuse can be substantially corrected in the near future. Such circumstances include a parent's lack of response or lack of willingness to cooperate in efforts designed to reduce the abuse or neglect of the children. Our review of the dispositional hearing transcript provides testimony that petitioner did not fully understand the importance of keeping his children away from their mother and allowed the children to have contact with her after the circuit court ordered him to discontinue all contact. The record and the circuit court's findings support its conclusions that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

This Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998).  Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home."  Syl. Pt. 5, *James M. v. Maynard,*185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 26, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II